UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

TAMMY WILKERSON,

   Plaintiff,

v.

CHARTER COMMUNICATIONS, LLC,

   Defendant.

_____/

CASE NO.: 3:16-cv-32-TCB

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Charter Communications, LLC (hereinafter "Charter") from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7. The alleged violations described in the Complaint occurred in Spalding County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Spalding County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, Charter, is a corporation with its principal place of business located at 12405 Powerscourt Dr., St. Louis, MO 63131-3673 and which conducts business in the State of Georgia through its registered agent, Corporation Service Company, 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA 30092.

11. Charter called Plaintiff approximately one hundred (100) times since February 1, 2015, in an attempt to collect a debt which she does not owe.

12. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

13. Each call Charter made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

14. Each call Charter made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

15. At some point, unbeknownst to Plaintiff, her daughter-in-law signed up for internet service through Charter and listed Plaintiff's cellular telephone number (***) ***-5293 as a contact number.

16. At some later date Plaintiff's daughter-in-law fell behind on payments for said internet service and Charter began calling Plaintiff's cellular telephone around approximately February 1, 2015 in attempt to collect said debt.

17. On Approximately the second or third call received from Charter, Plaintiff answered her phone and explained that she was not the party whom Charter was looking for and provided Charter with her daughter-in-law's telephone number and instructed Charter to contact said daughter-in-law.

18. Despite clearly being informed the daughter-in-law could not be reached at her number, as well as providing Charter with her daughter-in-law's actual number, Charter continued to bombard Plaintiff's cellular telephone with automated calls and messages looking for said daughter-in-law.

19. Due to the tremendous amount of automated calls received, Plaintiff was not able to properly catalogue each and every call, however below is a very small sampling of the calls received:

    i)      March 16, 2015 at 2:15 PM from 877-959-1417

    ii)      March 17, 2015 at 8:14 AM from 877-959-1417

    iii)      March 18, 2015 at 8:19 AM from 877-959-1417

    iv)      April 6, 2015 at 9:22 AM from 877-384-9039

    v)      April 13, 2015 at 9:39 AM from 877-384-9039

20. Charter has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. Charter has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Charter, to remove the incorrect number.

22. Charter's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Charter they are not the responsible party.

23. Charter has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. One such example of other federal lawsuits is the pending class action of *Judith Davis v. Charter Communications of California, LLC*, 5:15-cv-01302-VAP(SPx) in the Central District of California alleging that Defendant placed continuous automatic calls to Plaintiff despite Plaintiff having no business relationship with Defendant

25. Charter has numerous complaints against them across the country asserting that its automatic telephone dialing system continues to call the wrong individual.

26. Charter has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

27. A very small sampling of online complaints regarding one of the numbers Charter autodialed Plaintiff from, 877-959-1417, is attached hereto as Exhibit "1."

28. A very small sampling of online complaints regarding one of the numbers Charter autodialed Plaintiff from, 877-384-9039, is attached hereto as Exhibit "2."

29. Charter's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Charter's call list.

30. Charter has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Plaintiff did not expressly consent to Charter's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Charter's placement of the calls.

32. Not one of Charter's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Charter willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

36. Defendant knowingly violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone

after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

37. Charter repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Charter for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Georgia Bar #: 617963
Attorney for Plaintiff
TGomez@ForThePeople.com